**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 23-1348**

───────────

MOUNTAIN VALLEY PIPELINE, LLC,

> Plaintiff - Appellee,

v.

0.19 ACRES OF LAND, OWNED BY CLETUS WOODROW BOHON AND BEVERLY ANN BOHON, Montgomery County Tax Map Parcel No. 030271 and Being MVP Parcel No. VA-MN-5233 (AR MN-278.01); 2.74 ACRES OF LAND, OWNED BY CLETUS WOODROW BOHON AND BEVERLY ANN BOHON, Montgomery County Tax Map Parcel No. 017761 and Being MVP Parcel No. VA-MO-022,

> Defendants - Appellants.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth K. Dillon, Chief U.S. District Judge.  (7:19–cv–146–EKD)

───────────

Argued:  October 31, 2024                                      Decided:  January 27, 2025

───────────

Before GREGORY, WYNN, and HARRIS, Circuit Judges.

───────────

Vacated and remanded by unpublished opinion.  Judge Wynn wrote the opinion, in which Judge Gregory and Judge Harris joined.

───────────

**ARGUED:**  Mia Yugo, YUGO COLLLINS, PLLC, Roanoke, Virginia, for Appellants. Seth Michael Land, PENN, STUART & ESKRIDGE, Abingdon, Virginia, for Appellee. **ON BRIEF:**  Christopher E. Collins, YUGO COLLINS, PLLC, Roanoke, Virginia, for

2

Appellants. Wade W. Massie, PENN, STUART & ESKRIDGE, Abingdon, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

WYNN, Circuit Judge:

Mountain Valley Pipeline ("MVP") condemned a portion of land jointly owned by Cletus and Beverly Bohon. The Bohons submitted an expert report on the issue of just compensation. The district court arbitrarily assumed away the possibility that the expert report was correct, excluded the expert, then granted MVP summary judgment on the grounds that the Bohons submitted no admissible evidence.

As in *MVP v. 9.89 Acres*, No. 23-2129, slip op. (4th Cir. Jan. 27, 2025), and *MVP v. 0.32 Acres*, No. 23-1935, slip op. (4th Cir. Jan. 27, 2025), both of which we also decide today, the district court believed it had increased discretion to exclude expert testimony in eminent domain cases. That misapprehension may have caused the court's arbitrary reasoning here. As we make clear in our opinion in *9.89 Acres*, No. 23-2129, slip op. at 10, district courts should apply the standard rules of evidence in eminent domain cases.

Accordingly, we vacate and remand this matter for the district court to reassess the admissibility of the Bohons' expert report.

I.

The Bohons own four parcels of land in Montgomery County, Virginia. Their residence sits on the first parcel, which is 10.093 acres. The second parcel contains 72.184 acres of land contiguous with the first parcel. The smaller third and fourth parcels (the "Southern Parcels") are several hundred feet south of the first and second parcels.

The Bohons purchased the second parcel in two separate transactions. In 2003, they acquired a 32.336-acre portion of the second parcel.[1] In 2015, they contracted to purchase the remaining 39.848 acres from John Turman for $43,832 (the "Turman Tract"). However, the parties apparently did not close on the sale at that time. When MVP initiated condemnation proceedings for its pipeline project in 2017—which was expected to cross the Bohons' first and second parcels, including the Turman Tract, but not the Bohons' Southern Parcels—the Bohons entered into a new agreement with Turman. Under that agreement, the Bohons would take ownership of the Turman Tract for no immediate monetary compensation, but MVP would pay the proceeds to Turman for the pipeline easement planned on the Turman Tract.

In 2018, several important events occurred in the span of a few weeks. On February 23, special commissioners conveyed to MVP the easement across the Turman Tract, although that easement was not recorded until March 13. Special commissioners conveyed the Turman Tract to the Bohons in a deed dated March 6, signed by the first special commissioner on March 6, and signed by the second on March 9. On March 7, the district court granted summary judgment on MVP's right to condemn the Bohons' property, including the Turman Tract, and entered orders granting immediate possession of the easements.

In 2019, MVP initiated proceedings to determine the amount of just compensation it owed the Bohons. The Bohons submitted an expert appraisal prepared by Dennis Gruelle

---

[1] The deed for this tract described it as 33.407 acres; however, a survey determined that the tract was 32.336 acres.

4

(the "Gruelle Report").[2] Gruelle determined that the Bohons were entitled to compensation for the devaluation the easements caused to all four parcels, including the non-contiguous Southern Parcels. In his report, Gruelle assumed that the Bohons owned the Turman Tract at the time of the taking and should therefore be compensated for damage to that portion of the second parcel. The Gruelle Report did not factor in the allegedly preexisting MVP easement on the Turman Tract. Using the sales comparison approach, which is the conventional method for calculating just compensation, Gruelle found that the Bohons were entitled to $123,307.

MVP submitted an expert appraisal by Joseph Thompson. Thompson also used the sales comparison approach but excluded the non-contiguous Southern Parcels from his just compensation calculations. Although Thompson found that the Bohons owned the Turman Tract at the time of the taking, he reduced the Tract's estimated value because he found it was subject to a preexisting MVP easement. He calculated just compensation to be $20,953.

To be clear, both sides' experts assumed that it was Turman, not the Bohons, who was to receive compensation for the portion of the pipeline easement *on* the Turman Tract. And both experts agreed that the Bohons should receive compensation for the damage the *other* portions of pipeline (that is, pipeline on the Bohons' land outside of the Turman Tract) caused to the Bohons' land—*including to the Turman Tract*. The dispute is how valuable

---

[2] Gruelle submitted two appraisal reports, but the Bohons disclaimed reliance on the second report. We therefore need only address whether the district court abused its discretion in excluding Gruelle's first report.

5

the Turman Tract was when MVP condemned the rest of the Bohons' land on March 7, 2018. If it was more valuable—as the Bohons assert, because the easement on the Turman Tract had not yet been recorded—then the damage caused by the taking is greater, and the Bohons will receive a greater just compensation award. If it was less valuable—as MVP asserts, because MVP's easement on the Turman Tract had already been agreed to—then the damage caused by the taking is lesser, and the Bohons will receive a lesser just compensation award.

MVP and the Bohons both moved to exclude the opposing party's expert reports, and MVP moved for summary judgment on the issue of just compensation. The district court granted MVP's motion to exclude the Gruelle Report, finding that it was unreliable in its entirety because of its failure to consider the arguably preexisting easement on the Turman Tract,[3] and granted MVP summary judgment. The Bohons timely appealed.

## II.

We review the district court's evidentiary determination for an abuse of discretion. *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999). "A district court abuses its discretion when it acts in an arbitrary manner." *Moore v. Equitrans, L.P.*, 27 F.4th 211, 222 (4th Cir. 2022) (quoting *United States v. Henry*, 673 F.3d

---

[3] The court also found that the larger-parcel analysis contained in the Gruelle Report was unreliable because Gruelle did not sufficiently state his factual basis for the conclusion that the non-contiguous Southern Parcels should be included in his calculation. Because we conclude the court erred when it deemed the entire report unreliable due to the inclusion of the Turman Tract, we decline to address the question of the larger-parcel analysis at this time, and leave it to the district court to redetermine the Gruelle Report's admissibility on remand.

285, 291 (4th Cir. 2012)). We vacate and remand because we conclude the district court acted arbitrarily when it excluded the Gruelle Report.

The district court acted under the misimpression that Federal Rule of Civil Procedure 71.1(h), which instructs courts to "tr[y] all issues" other than (in some cases) that of just compensation, means that "[t]he gatekeeping role of the district court is particularly pronounced in condemnation proceedings under Rule 71.1." *Mountain Valley Pipeline, LLC v. 0.19 Acres of Land*, No. 7:19-cv-146, 2022 WL 4484620, at *3 (W.D. Va. Sept. 27, 2022) (quoting *United States v. 33.92356 Acres of Land*, 585 F.3d 1, 8 (1st Cir. 2009)). It therefore apparently applied a heightened evidentiary standard, rather than the normal Federal Rule of Evidence 702, to the Gruelle Report.

Whether the Bohons owned the unencumbered Turman Tract on the date that MVP took an easement on their land involves a difficult issue of state law. The Bohons argued below that the MVP easement over the Turman Tract "was *not delivered nor recorded*, and *therefore not valid* to MVP, until March 13, 2018, and therefore was *not an encumbrance*" when MVP took its easement on the Bohons' land on March 7. J.A. 342 (emphasis in original). Therefore, the Bohons contended, "[t]he Gruelle [Report] correctly appraised [the second parcel] including the Turman [Tract] as of March 7, 2018 with no gas easement encumbering it because none then [e]xisted." J.A. 353. In response, MVP argued that the property "was already partially encumbered by a pipeline easement"—because MVP and Turman had previously reached an agreement for the easement—and that the Bohons acquired the Turman Tract with full knowledge of the easement. J.A. 361.

7

The district court recognized that determining "whether the property was encumbered by the Turman [Tract] MVP [e]asement as of the date of the taking would require a legal determination by the court." *0.19 Acres of Land*, 2022 WL 4484620, at *6. However, the court believed it was "not necessary to reach a legal conclusion on this issue because Gruelle's report is subject to exclusion no matter if the property was encumbered on the date of the taking." *Id.*

The district court explained this conclusion by positing two possible sets of facts on the date that MVP took an easement on the Bohons' property (March 7). First, if the Turman Tract *was* encumbered by an MVP easement and the Bohons *did* own the Turman Tract on March 7, the district court found the Gruelle Report unreliable because it valued the Turman Tract as if there was no preexisting easement on it. Second, if the Turman tract *was not* encumbered by an MVP easement and the Bohons *did not* own the Turman Tract on March 7, the district court found the Gruelle Report unreliable because it asserted that the Bohons owned the Turman Tract on the date of the taking. The district court thus deemed the Gruelle Report unreliable in its entirety and concluded that "the landowners failed to meet their burden of proof on the issue of just compensation." *Id.* at *7.

Conspicuously missing from the district court's analysis is a third possible set of facts: that the Bohons *did* own the Turman Tract and it was *not* encumbered by an MVP easement on the date of the taking. This is precisely the scenario upon which the Gruelle Report based its analysis. The district court acted arbitrarily by failing to consider this possibility. We therefore vacate the district court's decision to exclude the Gruelle Report.

8

III.

The judgment of the district court is vacated and remanded for proceedings consistent with this opinion.

*VACATED AND REMANDED*